1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6   DARREN W. BURGESS,

7                        Plaintiff,

8            v.

9   BUDDY'S NORTHWEST, LLC, et al.,

10                       Defendants.

CASE NO. C15-5785 BHS

ORDER TO SHOW CAUSE RE:
SUBJECT MATTER
JURISDICTION AND RENOTING
MOTION TO COMPEL
ARBITRATION

11

12   This matter comes before the Court on *sua sponte* review of the pleadings to

13   determine whether the Court has subject matter jurisdiction. Pending before the Court is

14   the motion to compel arbitration (Dkt. 15) of Buddy's Northwest, LLC, a Delaware

15   corporation, d/b/a "Quality Rentals," "Buddy's," and "Buddy's Home Furnishings"

16   (hereinafter "Buddy's Northwest"); Buddy Franchising and Licensing, LLC, a Florida

17   corporation (hereinafter "Buddy's Franchising and Licensing"); and David Epright,

18   individually and his marital community (hereinafter "Epright") (collectively

19   "Defendants").

20                              **I. BACKGROUND**

21   On September 29, 2015, Plaintiff Darren W. Burgess ("Plaintiff") filed suit in

22   Pierce County Superior Court against Defendants. Dkt. 1-2. Plaintiff does not allege any

1  federal claims. *Id.* On October 19, 2015, Defendants removed the action, asserting that

2  the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because complete

3  diversity exists among the parties and the amount in controversy exceeds $75,000. Dkt. 1

4  at 2. On February 29, 2016, Defendants filed their corporate disclosure statement. Dkt. 9.

5        On October 3, 2016, Defendants moved to compel arbitration. Dkt. 15. On

6  October 24, 2016, Plaintiff responded. Dkt. 20. On October 28, 2016, Defendants replied.

7  Dkt. 27.

8  **II. DISCUSSION**

9        "If the court determines at any time that it lacks subject-matter jurisdiction, the

10  court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). *See also Snell*

11  *v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure

12  12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua*

13  *sponte*, at any time during the pendency of the action . . . ."). Although neither party

14  disputed subject matter jurisdiction in this case, the Court must confirm its existence

15  before reaching the merits of the dispute. *See Morongo Band of Mission Indians v. Cal.*

16  *State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).  As the parties invoking

17  federal jurisdiction, Defendants bear the burden of establishing the existence of subject

18  matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

19        Defendants contend that the Court has diversity jurisdiction over this action. Dkt.

20  1. District courts have diversity jurisdiction when the parties are citizens of different

21  states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28

22  U.S.C. § 1332(a)(1).  "Diversity jurisdiction requires complete diversity between the

parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Upon review of Plaintiff's complaint, Dkt. 1-2, the Defendants' notice of removal, Dkt. 1, and Defendants' corporate disclosure statement, Defendants have failed to establish subject matter jurisdiction. Plaintiff is a citizen of Washington. Dkt. 1 at 2; Dkt. 1-2 at 2. Defendants Buddy's Northwest and Buddy's Franchising and Licensing are limited liability companies. Dkt. 1 at 2. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899. When the members of limited liability companies are themselves limited liability companies or partnerships, "courts have adopted a 'complete upstream analysis' of LLC's organizational structure." Deborah C. Prosser, Stephanie A. Hingle, *Diversity Removal of A Limited Liability Company to Federal Court: Pitfalls and Practice Tips*, 83 Def. Couns. J. 95 (2016) (citing *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)).

The members of Buddy's Northwest are the Samjor Family LP, Pensco Trust Company FBO Sonja Israel, and Matthew and Kathleen Avil. Dkt. 9 at 1. Buddy's Franchising and Licensing is a wholly owned subsidiary of Buddy's NEWCO LLC. *Id.* at 2. Defendants do not state the citizenship of the members of Buddy's Northwest, Buddy's

1 | Franchising and Licensing, nor any upstream limited liability companies or partnerships.

2 | Dkt. 1. Therefore, the Court cannot determine Defendants' citizenship.

3 | It also appears that the parties dispute whether Epright is a citizen of Washington

4 | or New Jersey. The complaint alleges that "David Epright is and was a resident of

5 | Auburn, King County, Washington at all relevant times herein." Dkt. 1-2 at 2.

6 | Defendants' notice of removal states that "David Epright is a resident of the state of New

7 | Jersey." Dkt. 1 at 2. Either allegation is insufficient for the determination of diversity

8 | jurisdiction. "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship,

9 | not residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 854, 857 (9th Cir. 2001). "A

10 | person residing in a given state is not necessarily domiciled there, and thus is not

11 | necessarily a citizen of that state." *Id.*

12 | The Court will not consider the merits of Defendants' motion to compel arbitration

13 | when subject matter jurisdiction has not been established. Therefore, it is hereby

14 | **ORDERED** that any party may show cause why this action should not be remanded for

15 | lack of subject matter jurisdiction. Any response may be filed no later than November 18,

16 | 2016. The Clerk shall **RENOTE** Defendants' motion to compel arbitration (Dkt. 15) for

17 | consideration on the Court's November 18, 2016 calendar.

18 | Dated this 10th day of November, 2016.

19 |

20 |

BENJAMIN H. SETTLE
United States District Judge

21 |

22 |

ORDER - 4